IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**

v.                                                          **CAUSE NO. 1:06cr111-LG-JMR-1**

**BOBBY EARL KEYS**

### ORDER DISMISSING THE DEFENDANT'S MOTION TO DECLARE JUDGMENT VALID FOR LACK OF JURISDICTION AND IN THE ALTERNITIVE DENYING THE MOTION

**BEFORE THE COURT** is the [81] Motion to Declare Judgment Valid filed by the defendant, Bobby Earl Keys. In his Motion, Keys argues that the Court did not have jurisdiction to revoke his supervised release because he had completed his revocation sentence. Specifically, he argues that under 18 U.S.C. § 3624(e), because he had less than 30 days remaining of supervised release, his term ran during the 9 days he was out on bond. According to Keys, there was "not any time left on the clock" when the Court revoked his supervised release. The defendant again seeks to set aside the judgment. Thus the Court construes this Motion as a successive 28 U.S.C. § 2255 Motion.

Keys previously challenged the Court's judgment of revocation. On August 28, 2018, Keys filed a [73] Motion for Declaratory Judgment, which this Court construed as a 28 U.S.C. § 2255 motion. (*See* Order, at 2, ECF No. 79). There, Keys argued in part that this Court did not have jurisdiction to revoke his supervised release because he had completed his revocation sentence. (*See* Mot. For Declr. Judgment, ECF No. 73). The Court denied Keys' § 2255 motion on

-1-

procedural grounds.  First, the Court determined that Keys' motion was filed well beyond one year after his judgment of revocation became final on or about November 16, 2011.  (*See* Order, at 2, ECF No. 79).  Second, the Court found that there was no indication that he would be entitled to equitable tolling.  *Id.*  In the alternative, the Court determined that Keys' motion did not present grounds for relief, because the offense that triggered his revocation was committed on September 14, 2011, and Keys' three-year supervised release term would have been completed on September 29, 2011.  *Id.* at 3.  Therefore, Keys had not completed his supervised release term when he violated one of the conditions of supervision.

This Court warned Keys that, upon recharacterizing a *pro se* litigant's motion as a first § 2255 motion, any subsequent § 2255 motions will be subject to the restriction on "second or successive" motions.  (*See* Order, at 2, ECF No. 75); *see also Castro v. United States*, 540 U.S. 375, 377 (2003).  A motion is "second or successive" when it "'1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ.'"  *United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000) (quoting *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)).  The Court finds that Keys' instant Motion constitutes a "second or successive" § 2255 motion, because the claims Keys raises challenging this Court's jurisdiction could have been raised in his original § 2255 motion.  Without a certification from the Fifth Circuit, pursuant to 28 U.S.C. § 2255(h)(1)-(2), the Court cannot exercise jurisdiction over Keys' Motion.  *See United States v. Caston*, No. 09-98, 2012 WL 5463143, at *3 (E.D. La.

Nov. 8, 2012) (dismissing a "second or successive" § 2255 motion for failure to receive a certification from the Fifth Circuit).

Accordingly,

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [81] Motion to Declare Judgment Valid filed by the defendant, Bobby Earl Keys, is **DISMISSED FOR LACK OF JURISDICTION.** Alternatively, it is **DENIED ON THE MERITS**.

**SO ORDERED AND ADJUDGED** this the 28th day of October, 2020.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE